# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### ROBERT R. MCCRAY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C49127    Phyllis H. Miller, Judge**

**No. E2004-01438-CCA-R3-HC - Filed April 21, 2005**

The petitioner, Robert R. McCray, petitioned the Sullivan County Criminal Court for a writ of *habeas corpus* to gain release from that court's 18-month sentence imposed for a conviction of selling a counterfeit controlled substance. The court denied the petition, and the petitioner appealed. The state has moved this court to affirm the order via memorandum opinion pursuant to Tennessee Court of Criminal Appeals Rule 20.   We sustain the state's motion and affirm the order pursuant to Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., and NORMA MCGEE OGLE, J., joined.

Richard Tate, District Public Defender, Blountville, Tennessee, for the Appellant, Robert McCray.

William B. Harper, Assistant District Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

On August 14, 2002, the conviction court imposed a suspended one-year sentence for the petitioner's conviction of failure to appear and a consecutive, suspended sentence of 11 months, 29 days for his conviction of possession of cocaine. On April 20, 2004, the trial court imposed a Department of Correction sentence of 18 months for the petitioner's conviction of selling a counterfeit controlled substance. The trial court ordered the sentence to be served consecutively to the other two sentences.

In his May 10, 2004 petition for *habeas corpus* relief, the petitioner claimed that, based upon the orders of probation in the two prior cases and a release eligibility of 30 percent in the third case, his sentences had expired, entitling him to relief.

Following a hearing, the *habeas corpus* court determined that the 18-month sentence had not expired and that the matter of sentencing credits should be addressed via the Administrative Procedures Act. The court entered an order on June 24, 2004, dismissing the petition.

To be sure, *habeas corpus* relief is available when a petitioner's sentence or other restraint has expired. *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). Release eligibility, however, is disregarded in determining sentence expiration for *habeas corpus* purposes. *See, e.g., Lawrence Allen Hodge v. Mills*, No. W2004-01107-CCA-R3-HC (Tenn. Crim. App., Jackson, Dec. 13, 2004).

For purposes of our review of the *habeas corpus* court's actions, it appears from the record that the consecutive sentences imposed on August 14, 2002, were due to expire on or about August 13, 2004. The 18-month sentence in the third case extended the expiration date for the aggregate sentences to February 13, 2006. Thus, the third sentence had not expired expired as of the date of the court's order nor, for that matter, as of the current date.

The order is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE